# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

AMERICAN CONTRACTORS
INDEMNITY COMPANY,
     Plaintiff,

vs.

STICE FAMILY LOGISTICS LLC, et al.,
     Defendants.

Case No. 1:18-cv-418
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff American Contractors Indemnity Company's

("ACIC") motion for an order declaring its requests for admissions directed to defendants be

admitted (Doc. 24). This matter is also before the Court on ACIC's motion for summary

judgment (Doc. 25). Defendants have not filed a response in opposition to either motion.

## I. Motion to declare requests for admissions admitted (Doc. 24)

Plaintiff states that it served discovery requests, including requests for admissions, on

defendants Stice Family Logistics, LLC, Nathan Stice, and Kendra Stice via U.S. Mail and

electronically on October 25, 2018. (Affidavit of Lee Brewer, Esq., Doc. 24-1 at ¶ 4; Doc. 24-2).

The requests required defendants to respond within 30 days. (Brewer Affidavit at ¶ 5; Doc. 24-

2). On December 6, 2018, counsel for plaintiff emailed defendants advising them that the time

to respond to the discovery requests had passed. (Brewer Affidavit at ¶ 6; Doc. 24-3).

Nevertheless, plaintiff's counsel provided defendants with another copy of the discovery requests

and advised them of the limited discovery period. (*Id.*). After receiving no response from

defendants, plaintiff's counsel emailed defendants again on December 11, 2018 and requested a

response to the discovery requests. (Brewer Affidavit at ¶ 7; Doc. 24-4). Defendants responded

that the original email message went into a spam folder and asked plaintiff's counsel, "What do

we need to do?" (*Id.*). Plaintiff's counsel responded, "Answer them immediately." (*Id.*). To

date, defendants have not responded to the propounded discovery, including the requests for admissions, and have produced no documents. (Brewer Affidavit at ¶ 8). Therefore, plaintiff moves for the requests for admissions served on defendants on October 25, 2018 to be declared admitted pursuant to Fed. R. Civ. P. 36(a)(3). (Doc. 24 at 3).

Under Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. . . ." Fed. R. Civ. P. 36(a)(3). A matter admitted under Rule 36 is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Plaintiff served two requests for admission on defendants. Request for Admission No. 1 states: "Admit that Stice requested ACIC execute the Federal Motor Carrier Safety Administration ("FMCSA") BMC-84/Surety bond with a $75,000 penal sum which was necessary for required [sic] for Stice to conduct business as a freight broker." (Doc. 24-2 at 3). Request for Admission No. 2 states: "Admit that on or about February 3, 2016, ACIC electronically filed the required bond bearing bond number 100297947 with the FMCSA with an effective date of January 11, 2016." (*Id.*). Although plaintiff's counsel sent several emails to defendants requesting that they respond to the discovery requests, defendants did not timely serve an answer or objection to plaintiff's two requests for admission and have not responded to date. Nor have defendants responded to plaintiff's motion to deem Requests for Admission No. 1 and No. 2 admitted. Thus, in accordance with Fed. R. Civ. P. 36(a)(3), Requests for Admission No. 1 and No. 2 are deemed admitted. Plaintiff's motion to declare its requests for admissions admitted (Doc. 24) is **GRANTED**. The Court will now turn to plaintiff's motion for summary judgment.

## II. Motion for Summary Judgment (Doc. 25)

### A. Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Under Federal Rule of Civil Procedure 56(c), a grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the non-moving party to "come forward with 'specific facts showing that there is a

*genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original).  To meet that

burden, the non-moving party "must do more than simply show that there is some metaphysical

doubt as to the material facts." *Id.* at 586.  If, after an appropriate time for discovery, the

opposing party is unable to demonstrate a prima facie case, summary judgment is warranted.

*Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*).  "Where the record taken as a whole

could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue

for trial.'" *Matsushita*, 475 U.S. at 587.

### B.  Undisputed Facts

Plaintiff presents the following evidence in support of its motion for summary judgment,

which, as noted above, has not been opposed by defendants.[1]

On January 11, 2016, defendants executed an indemnity agreement in favor of ACIC, as

surety.  (Affidavit of Suzanne Baciocco,[2] Doc. 25-1 at ¶ 3).  Defendants admit that they signed

the indemnity agreement.  (Answer, Doc. 13 at ¶ 10).  Plaintiff includes a true and accurate copy

of the indemnity agreement in support of its motion for summary judgment.  (Doc. 25-2).

Pursuant to paragraph three of the indemnity agreement, defendants agreed jointly and severally

to the following terms:

> The undersigned agree to indemnify Surety against all losses, liabilities, costs,
> damages, attorneys' fees and expenses the Surety may incur or has incurred due to
> the execution and issuance of the Bond on, before or after this date, including those
> incurred in connection with the enforcement of the terms of this indemnity
> agreement.

(*Id.*).  In consideration for and in reliance upon the promises made by the defendants in the

---

[1] In failing to file a memorandum in opposition to plaintiff's motion for summary judgment, defendants have failed
to offer any facts or evidence in opposition to plaintiff's claims.  As such, the facts presented by plaintiff are
undisputed.

[2] Suzanne Baciocco is a Vice President, Subrogation Manager for Tokio Marine HCC – Surety Group, and has
custody and control of the file for ACIC.  (Doc. 25-1 at ¶ 2).

indemnity agreement, on January 11, 2016, ACIC executed, as surety, the Form MCS-82 Motor Carrier Public Liability Surety Bond under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "bond"). (Baciocco Affidavit at ¶ 4). The penal sum of the bond was $75,000. (*Id.*). Plaintiff includes a true and accurate copy of the bond in support of its motion for summary judgment. (Doc. 25-3). Defendants admit that ACIC executed the bond in question. (Requests for Admission Nos. 1 and 2, Doc. 24-2 at 3).

After its execution of the bond, ACIC received multiple claims against the bond, seven of which ACIC paid. (Baciocco Affidavit at ¶ 5). The remaining claimants fell outside the terms of the bond, were resolved by Stice, or were declined (or not pursued) for other reasons. (*Id.*). Pursuant to paragraph six of the indemnity agreement, ACIC had the "exclusive right to determine if any claim or suit shall be denied, paid, compromised, defended or appealed." (Indemnity Agreement, Doc. 25-2 at ¶ 6).

ACIC issued payments totaling $75,000 or the full penal sum of the bond. (Baciocco Affidavit at ¶¶ 5, 6). When signing the indemnity agreement, defendants agreed that an itemized statement of payments made by ACIC shall constitute *prima facie* evidence of their obligation to ACIC. (Indemnity Agreement, Doc. 25-2 at ¶ 6). ACIC submits an itemized statement of claim payments in support of its motion for summary judgment. (Baciocco Affidavit at ¶ 6).

On February 21, 2017, after making its first payment under the bond, ACIC demanded reimbursement for the claim payments. (Baciocco Affidavit at ¶ 7). Defendants agreed to reimburse ACIC for the itemized amounts, but then failed to execute or fund the agreed upon reimbursement agreement. (*Id.*). On September 7, 2017, ACIC demanded that defendants reimburse ACIC for its losses, which, at the time, totaled $75,000 it had paid in claims on the bond. (*Id.* at ¶ 8; Amended Complaint, Doc. 4-2, Exhibit B). ACIC received no response from

defendants. On October 12, 2017, ACIC again made a demand for reimbursement of its losses

totaling $75,000. (Baciocco Affidavit at ¶ 9; Amended Complaint, Doc. 4-3, Exhibit C).

On October 20, 2017, ACIC's representative spoke with defendant Nathan Stice and he

agreed to reimburse ACIC. (Baciocco Affidavit at ¶ 9). However, despite numerous assurances

verbally and in writing, ACIC never received a signed reimbursement agreement or a single

payment from defendants. (*Id.*; Amended Complaint, Docs. 4-6, 4-7, 4-8, Exhibits F, G, and H).

As a result of its issuance of payments under the bond, ACIC has suffered a loss of $75,000 and

has incurred $7,054.00 in attorney fees and costs in pursuing defendants, the indemnitors.

(Baciocco Affidavit at ¶¶ 10-11).

### C. Resolution

When jurisdiction is based on diversity of citizenship, the court applies state substantive

law to interpret contract provisions. *Whitt Mach., Inc. v. Essex Ins. Co.*, 377 F. App'x 492, 495-

96 (6th Cir. 2010) (citing *Hickson Corp. v. Norfolk S. Ry. Co.*, 260 F.3d 559, 566 (6th Cir.

2001)). Ohio law therefore applies here. To prove a breach of contract under Ohio law, a

plaintiff must establish the existence of a contract, performance by the plaintiff, breach by the

defendant, and damage to the plaintiff. *Avis Rent a Car System, LLC v. City of Dayton, Ohio*,

3:12-cv-399, 3:12-cv-405, 2013 WL 3863911, at *9 (S.D. Ohio July 24, 2013), *aff'd sub nom.*

*Avis Rent-A-Car System, Inc. v. City of Dayton, Ohio*, 581 F. App'x 479 (6th Cir. 2014) (citing

*Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994)). A party breaches a contract if it

"fails to perform according to the terms of the contract or acts in a manner that is contrary to its

provisions." *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (citing *Jarupan*

*v. Hanna*, 878 N.E.2d 66, 73 (Ohio Ct. App. 2007)).

Ohio courts construe written contracts as a matter of law. *Saunders v. Mortensen*, 801

N.E.2d 452, 454 (Ohio 2004). "The ordinary rules of contract construction apply to indemnity contracts." *Cincinnati Ins. Co. v. Savarino Const. Corp.*, No. 2:08-cv-1061, 2011 WL 1068022, at *8 (S.D. Ohio Mar. 21, 2011). "When enforcing an indemnity contract, the court must determine the intent of the parties from the language of the indemnity contract." *Id.* (internal citations omitted). The court examines the contract as a whole and presumes the parties' intent is reflected in the contract language. *Sunoco, Inc. (R & M) v. Toledo Edison Co.*, 953 N.E.2d 285, 292 (Ohio 2011). The court must give the contract terms their plain meaning when construing the contract's meaning. *Savedoff*, 524 F.3d at 763 (citing *City of St. Marys v. Auglaize Cty. Bd. of Commrs.*, 875 N.E.2d 561, 566 (Ohio 2007)). If a written contract's language is clear, the court may not look beyond the writing itself to discern the parties' intent. *Id.* (citing *City of St. Marys*, 875 N.E.2d at 566; *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 150 (Ohio 1978)).

ACIC argues that summary judgment should be granted in its favor with respect to its claim for contractual indemnification. (Doc. 25 at 7). ACIC argues that defendants "specifically agreed to indemnity ACIC for all losses, costs, expenses and attorney fees it may incur by reason of its issuance of the [b]ond." (*Id.* at 6). ACIC maintains that there is no dispute as to the amount of loss or the attorney fees/costs incurred by it to date. (*Id.*). ACIC contends that the terms of the indemnity agreement are unambiguous and should be upheld. (*Id.* at 6-7).

On the issue of damages, ACIC maintains that there is no genuine dispute of material fact that ACIC incurred attorney fees and costs in an amount exceeding $7,054.00, continues to incur attorney fees and costs, and incurred losses of $75,000 as a result of executing the bond for defendants. (*Id.* at 7) (citing Baciocco Affidavit at ¶ 11). ACIC contends that the indemnity agreement granted it the sole discretion to determine whether to pay or compromise a claim or

lawsuit asserted against the bond issued by ACIC on behalf of defendants. (*Id.*) (citing

Indemnity Agreement, Doc. 4-1). ACIC contends that it settled all claims in the amount of

$75,000.01. (*Id.*) (citing Baciocco Affidavit at ¶ 6). ACIC states that pursuant to the indemnity

agreement, the itemized statement of payments made by ACIC and included in the Baciocco

affidavit is *prima facie* evidence of the amount of ACIC's damages, including attorney fees and

costs, and the amount of defendants' reimbursement liability. (*Id.*). Therefore, ACIC contends

that they are entitled to $82,054.00 reimbursement under the terms of the indemnity agreement.

(*Id.* at 8).

The undisputed evidence submitted by ACIC demonstrates that there is no genuine issue

of material fact as to the unambiguous terms of the indemnity agreement between the parties.

Defendants signed the indemnity agreement in favor of ACIC, as surety. (Baciocco Affidavit at

¶ 3; Indemnity Agreement, Doc. 25-2). A copy of the indemnity agreement attached to

plaintiff's motion for summary judgment shows that defendants agreed jointly and severally to

"indemnify Surety against all losses, liabilities, costs, damages, attorneys' fees and expenses the

Surety may incur or has incurred due to the execution and issuance of the Bond on, before or

after this date, including those incurred in connection with the enforcement of the terms of this

indemnity agreement." (Indemnity Agreement, Doc. 25-2). ACIC executed, as surety, the

$75,000 bond in question pursuant to the terms of the indemnity agreement. (Baciocco Affidavit

at ¶ 4; Doc. 25-3). Defendants admit that ACIC executed the $75,000 bond. (Requests for

Admission Nos. 1 and 2, Doc. 24-2 at 3). ACIC then received multiple claims against the bond,

seven of which ACIC paid, totaling $75,000 or the full penal sum of the bond. (Baciocco

Affidavit at ¶ 5). The affidavit of Suzanne Baciocco and the corresponding itemized statement

of claim payments demonstrates no dispute of fact that ACIC issued seven payments totaling

$75,000 or the full penal sum of the bond. (Baciocco Affidavit at ¶ 6). Moreover, there is no genuine dispute of fact that despite numerous assurances verbally and in writing, ACIC never received a signed reimbursement agreement or a single payment from defendants. (Baciocco Affidavit at ¶ 9).

ACIC has also demonstrated no genuine dispute of material fact as to the amount of damages and losses it has incurred. ACIC has incurred attorney fees and costs in an amount exceeding $7,054.00 and losses of $75,000 as a result of executing the bond for defendants. (Baciocco Affidavit at ¶¶ 10-11). The terms of the indemnity agreement provide that an itemized statement of payments constitutes *prima facie* evidence on the amount of ACIC's damages. (Indemnity Agreement, Doc. 25-2 at ¶ 6). The language of the indemnity agreement also provides that defendants must indemnify ACIC against all losses, including attorneys' fees incurred in connection with the enforcement of the terms of the agreement. (*Id.* at ¶ 3).

Accordingly, because ACIC has presented evidence demonstrating no genuine issue of material fact as to the terms of the indemnity agreement, that ACIC has fully performed under the agreement, that defendants have failed to uphold their obligations under the agreement and have breached the agreement, and that ACIC has incurred $7,054.00 in attorneys' fees and costs and $75,000 in losses as a result of the execution of the bond, plaintiff ACIC has established its breach of contract claim as a matter of law. Therefore, plaintiff's motion for summary judgment (Doc. 25) is **GRANTED**.

### III. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Plaintiff's motion for an order to declare its requests for admissions directed to defendants admitted (Doc. 24) is **GRANTED**.

2. Plaintiff's motion for summary judgment (Doc. 25) is **GRANTED**.

3. The Clerk is directed to enter judgment against defendants in the amount of **$82,054.00**.

4. Because the Court has entered judgment in favor of plaintiff, the final pretrial conference and trial dates in this matter are hereby **VACATED**.

5. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

Date: 4/30/19

Karen L. Litkovitz
United States Magistrate Judge